Michael W. Franell, OSB No. 902680
mike@franelllaw.com
Attorney at Law
724 S. Central Avenue Ste 113
Medford, OR 97501-7808
Telephone:  541-646-4111
Facsimile:  541-646-4112
        Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# MEDFORD DIVISION

| | |
|---|---|
| **MARVIN L. DENNIS,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**AIRPORT CHEVROLET, INC.,** a domestic business corporation,<br><br>Defendant. | **Civil No. 1:13:cv-00008-CL**<br><br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

COMES NOW Plaintiff, Marvin L. Dennis, by and through his attorney, Michael W. Franell, and opposes Defendant's Motion for Summary Judgment.  Plaintiff provides the following summary of facts and argument.

1-    PLAINTIFF'S MEMORANDUM IN
      OPPOSITION TO DEFENDANT'S
      MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T:  541- 646-4111 · F:  541-646-4112
mike@franelllaw.com

# FACTS

Plaintiff worked for Defendant just shy of twenty years beginning in July 1992.[1]  Plaintiff was employed as a certified technician.[2]  From 1992 until 2008, Plaintiff was never written up for any incidents at work throughout the course of the three supervisors Plaintiff had been under.[3]  In 2007, Defendant hired a new service manager, Brian Hale.  Beginning in November 2008, Plaintiff was written up for the first time by Mr. Hale.[4]  While Plaintiff acknowledges that he made a mistake, he also expresses that he had made other similar mistakes before and was never written up for them.[5]  The write up was followed by a landslide of further write ups for which Plaintiff contends he should not have been written up.[6]  All of the write ups Plaintiff received were from Mr. Hail.  Plaintiff was treated differently than his co-workers.[7]  One of Plaintiff's co-workers, Ben Canty, mistakenly destroyed a $5,000 motor.[8]  Mr. Canty was not disciplined for the incident despite an estimated repair between $2,000-$5,000.[8]  Co-worker Robert Paulson failed to place a left hub on a vehicle he worked on despite charging the client for the repair. *Id.*  Mr. Hale was aware of Mr. Paulson's actions, but did not discipline Mr. Paulson. *Id.* Further, Mr. Hale's son drove a car off of an alignment rack, but was not disciplined for the incident. *Id.*

---

[1] Plaintiff's declaration ¶3
[2] Plaintiff's depo, 12:19-13:5
[3] Plaintiff's depo., 25:18-19; 134:21-25
[4] Plaintiff's declaration ¶4; 149:6-13
[5] Plaintiff's depo. Pg. 147:10-18
[6] Plaintiff's declaration ¶5; 207:24-208:2; 208:24-214:18
[7] Plaintiff's depo. 149:6-13
[8] Plaintiff's deposition, pg. 208:3-4; Plaintiff's declaration ¶5

2-  PLAINTIFF'S MEMORANDUM IN
    OPPOSITION TO DEFENDANT'S
    MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T: 541- 646-4111 · F: 541-646-4112
mike@franelllaw.com

Plaintiff suffers a number of disabilities including an injured back, a torn meniscus in his knee and arthritis in the knee, foot neuropathy, plantar fasciitis, and foot hyper pronation.[9] Beginning in 2003, Plaintiff suffered an on the job back injury for which Plaintiff was granted worker's compensation.[10] Plaintiff initially had to be off work, but then returned to work with restrictions. *Id.* The only medical return to work information in Plaintiff's personnel file indicates Plaintiff was allowed to return to work with restrictions including that Plaintiff could lift ten pounds of weight occasionally, but not more than ten pounds. *Id.* Further, he could only crouch, crawl, kneel, twist, and climb intermittently and balance, reach, and push/pull occasionally. *Id.* Defendant has no medical documents in Plaintiff's personnel file indicating Plaintiff was ever released from those restrictions. *Id.* Plaintiff has continued to seek medical attention for back pain since 2003.[11] Plaintiff's back pain is sporadic, but Plaintiff regularly has to modify his activity in order to avoid causing significant pain in his back. *Id.* Since 2003, he has to avoid lifting heavy objects. *Id.* At work, he struggled to lift wheels and tires off of larger vehicles, move transmissions and lift transfer cases. *Id.* He could only perform the activity if he moved carefully and slowly to prevent aggravating his back injury. *Id.* In 2008, Plaintiff again strained his back at work and had to seek medical treatment and take time off of work.[12] Plaintiff would likely regularly suffer similar problems if he did not

---

[9] Plaintiff's declaration ¶6
[10] Plaintiff's declaration ¶7, Plaintiff's exhibit 1
[11] Plaintiff's declaration ¶7
[12] Plaintiff's deposition, 193:20-23

3-    PLAINTIFF'S MEMORANDUM IN
      OPPOSITION TO DEFENDANT'S
      MOTION FOR SUMMARY JUDGMENT

modify his work to accommodate.[11] At home, Plaintiff struggles to lift loads of wood to carry into his house; cannot split larger wood on the ground; has to use a backhoe to perform outside chores involving lifting such as moving the tongue of a trailer, lifting motors, tires and wheels. *Id.* Plaintiff was able to perform all of those activities on his own prior to the onset of his disabilities. *Id.*

In or around approximately 2005, Plaintiff began experiencing neuropathy in his feet.[13] Plaintiff's neuropathy causes severe pain on a regular basis, most days of the week.[14] In or approximately 2010, Plaintiff sought medical treatment due to pain in his knee. *Id.* He underwent a MRI and learned it appears he has a torn meniscus in his knee and was advised knee surgery may assist him. *Id.* While Plaintiff is generally not one to let things stop him and just pushes through his significant pain to complete ordinary tasks, Plaintiff has suffered significant changes as a result of his neuropathy and torn meniscus and has several ordinary tasks in which he no longer participates. *Id.* Plaintiff cannot stand on his feet all day without being in significant pain. *Id.* The pain worsens throughout the day. *Id.* Plaintiff cannot make it through a day on his feet without taking Vicodin. *Id.* With Vicodin, Plaintiff can make it through an eight hour work day as long as he did not have to walk too much. *Id.* If he has to walk, the pain greatly slows him down. *Id.* Plaintiff no longer performs many of the household chores he performed prior to the onset of his neuropathy. *Id.* Prior to Plaintiff's neuropathy, Plaintiff would carry

---

[13] Plaintiff's deposition 106:3-7
[14] Plaintiff's declaration ¶8; Declaration of Elizabeth Riege, Plaintiff's deposition, 123:4-10, 106:3-13; 129:3-12; 167:3-6, 130:18-131:3,

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T: 541- 646-4111 · F: 541-646-4112
mike@franelllaw.com

loads of firewood approximately fifty to sixty feet into his house. *Id*. Since Plaintiff's neuropathy, Plaintiff's companion has taken over the household chore of bringing wood into the house, despite having significant pain herself. *Id*.  Plaintiff previously performed all of the outside maintenance of his home, but now has to hire help or have his step sons perform much of the work, including chopping and stacking wood, brushing, and weed eating. *Id*. Plaintiff regularly avoids going to the store with his companion as a result of his pain. *Id*.  Prior to the onset of Plaintiff's disabilities, Plaintiff regularly took hikes, approximately two times a week. *Id*. Plaintiff no longer walks across his five acre property let alone taking hikes. *Id*.  Plaintiff would previously go dirt biking, but has since sold his dirt bike. *Id*.  He found the activity no longer enjoyable as a result of his pain. *Id*. Plaintiff now finds himself much less active during his free time and more likely to sit at home watching television. *Id*. While Plaintiff continues to be able to ride his motorcycle as it does not require he stand, Plaintiff does have to pull over and take breaks due to his disability. *Id*.

Despite Defendant's contentions to the contrary, Mr. Hale and Mr. Mills, were quite aware that Plaintiff suffered the disabilities, specifically lower back pain, a torn meniscus and knee arthritis, and foot neuropathy, and that Plaintiff's disabilities caused significant impairment of his work which required modifications. [15] It was a well-known fact amongst the entire department that Plaintiff suffered disabilities. *Id*.  Plaintiff would

---

[15] Plaintiff's declaration ¶9-14; Declaration of Steve Tucker; Declaration of Steve Gillig; Plaintiff's depo., 167:3-6,  28:1-29:8

5-    PLAINTIFF'S MEMORANDUM IN
      OPPOSITION TO DEFENDANT'S
      MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T: 541- 646-4111 · F: 541-646-4112
mike@franelllaw.com

at times walk with a limp due to his pain. *Id*.  He at times walked slowly, had a difficult time bending, stooping, and kneeling. *Id*. All of which were noticeable to all in the shop. *Id*. Plaintiff's co-workers would see Plaintiff in pain and inquire as to whether he was okay. *Id*.  While Mr. Hale did not inquire as to how Plaintiff was doing, just as the other co-workers could see Plaintiff in pain, so could Mr. Hale. While Plaintiff would continue to do the work as able, Plaintiff's face would regularly display the anguish he was suffering. *Id*.   In or about approximately 2009 or 2010, Mr. Hale asked Plaintiff why Plaintiff continues to do his job if it hurts Plaintiff so much. [16]  Further, every time Plaintiff went to his doctor, Plaintiff signed out on the board which informed Mr. Hale where Plaintiff would be going.[15] Upon returning, Plaintiff had to go tell Mr. Hale where he had been, specifically what doctor, and what was the result. *Id*.  Plaintiff informed Mr. Hale he was going to seek medical attention because his feet and/or knees were hurting. Plaintiff had to take off work to attend medical treatment on multiple occasions after Mr. Hale became a supervisor. *Id*.  When Plaintiff went to his MRI with Dr. Townsend in approximately 2010, Plaintiff told Mr. Hale he was having an MRI to see why his knees were hurting so bad and informed Mr. Hale upon return that it was a torn meniscus. *Id*. Mr. Hale told Plaintiff that everyone in the shop was afraid of Plaintiff because of the medications Plaintiff was taking. [17] Plaintiff was taking prescription Vicodin at the time

---

[16] Plaintiff's deposition, pg. 171: 21-172:18
[17] Plaintiff's depo., pg. 31:1-20

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T: 541- 646-4111 · F: 541-646-4112
mike@franelllaw.com

to help him with his pain at work. Plaintiff did not believe Mr. Hale's assertion to be true. *Id*.

Since Plaintiff began suffering from his disabilities, Defendant had always provided Plaintiff the accommodations he needed in order to be able to successfully perform his duties.[18] However, in or about September 2010, Plaintiff was informed by Mr. Hale that he would be moved to a different bay in the back of the service building. [19] Defendant informed Plaintiff that moving him to a different stall would relieve pressure off of Plaintiff from having to produce 100%. *Id*. Plaintiff's co-worker Robert Paulson was given Plaintiff's bay, giving Mr. Paulson two bays, allegedly in order that Mr. Paulson could produce more hours. [20] Despite an increase in the production of Defendant's top producer, flag hours provided by Defendant indicated that not only did Plaintiff's production decline after moving him to a different service bay, but Mr. Paulson's production also declined despite Defendant giving him Plaintiff's bay as a second bay for use. [21] Plaintiff's production declined from 62.1 during the recorded period prior to moving Plaintiff to a different bay, January '10-July '10, to 43.8 during the few months before Plaintiff was laid off, October '11-December '11. *Id*. During the same months, Mr. Paulson's production declined from 101.9 to 96.4. *Id*. At the time that

---

[18] Plaintiff's depo., 107:6-16
[19] Plaintiff's depo., 112:9-14, Plaintiff's exhibit 3; Plaintiff's deposition 34:22-35:4
[20] Plaintiff's depo., pg 102:1-3
[21] Plaintiff's Exhibit 2

7-  PLAINTIFF'S MEMORANDUM IN
    OPPOSITION TO DEFENDANT'S
    MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T: 541- 646-4111 · F: 541-646-4112
mike@franelllaw.com

Defendant chose to give Plaintiff's bay to Mr. Paulson, in order that Mr. Paulson had two bays, Plaintiff was not the lowest producing individual in the shop. *Id.*

Plaintiff objected to the move as it required Plaintiff to walk further, causing a significant pain from his disability; it slowed Plaintiff's production; and Plaintiff could not perform his work as he did not have a lift which he could operate with his disabilities.[22] Mr. Hale told Plaintiff he would have parts delivered to Plaintiff, but that never occurred despite Mr. Hale being aware Plaintiff continued to suffer significant pain. [23] Plaintiff specifically believes Mr. Hale moved him to a different bay because he was targeting Plaintiff, trying to get him to leave, and knew that moving him to a different bay would cause Plaintiff significant pain. [24] Had Plaintiff's production remained at or within fourteen percent of the number he was producing prior to being moved to a different bay, Plaintiff would not have been the lowest producing employee when Defendant made the decision to lay Plaintiff off. [21]

Within a month of Plaintiff having been moved, Mr. Hale wrote Plaintiff up twice for circumstances which plaintiff asserts were not accurate or for which he should not have been written up.[25] Mr. Hale continually harassed and berated Plaintiff.  Further, Plaintiff was not given work to perform. [26]

---

[22] Plaintiff's deposition, pg. 22:24-23:10, pg. 84:14-20, pg.128:23-129:23 pg. 32:12-21, pg. 158:4-159:9
[23] Plaintiff's Exhibit 3
[24] Plaintiff's deposition, pg. 27:15-19
[25] Plaintiff's Exhibit 4, Plaintiff's deposition, pg. 208:24-210:8, Plaintiff's deposition, pg. 210:25-211:7
[26] Plaintiff's deposition, pg. 26:15-27:19; 150:3-151:14; 171:16-25; 126:10-128:2

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T: 541- 646-4111 · F: 541-646-4112
mike@franelllaw.com

Mr. Hale asked Plaintiff when he was just going to give it up.[27] Plaintiff was the oldest service technician at Airport Chevrolet, and the oldest employee whom was supervised by Mr. Hale. *Id.* There were two other individuals whom were within ten years of Plaintiff's age. *Id.* One of the two technicians was employed at Dollar GMC and was moved to Airport as part of the merger just shortly before Plaintiff was laid off. Plaintiff worked with that individual such a short time, he is unaware of whether the individual was discriminated against relating to his age. *Id.* The other technician whom was within ten years of Plaintiff's age was Steve Gillig. *Id.* Mr. Gillig performed all of his job duties in a competent manner. [28] Prior to Mr. Gillig being let go from Airport Chevrolet, Mr. Gillig was not assigned work from service writers which Mr. Gillig was capable, ready and willing to perform. *Id.* Resulting in Mr. Gillig having low productivity. *Id.* Mr. Hale let Mr. Gillig go because or Mr. Gillig's low productivity. *Id.* As service manager, it was Mr. Hale's responsibility to know that service writers were not assigning Mr. Gillig and his co-workers work. *Id.*

On or about December 1, 2011, Plaintiff was informed that a computer that was located near the back of the building would be removed. Plaintiff spoke with Mr. Hale as using a computer was required in Plaintiff's position and the removal of the computer would cause Plaintiff to have to walk further, approximately thirty feet to the closest

---

[27] Plaintiff's declaration ¶15-18
[28] Plaintiff's declaration ¶15-18; Declaration of Steve Gillig

9-   PLAINTIFF'S MEMORANDUM IN
     OPPOSITION TO DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T:  541- 646-4111  ·  F: 541-646-4112
mike@franelllaw.com

computer.[29] Mr. Hale agreed with Plaintiff that he could have the computer placed in his

work area.[30]  Plaintiff disputes that Mr. Hale ever told him he could only have the

computer in his workstation if it was out of its case. *Id.*  Contrary to Defendant's

contention, Plaintiff asserts he cleaned up his stall area, as he had been asked and done on

prior occasions.[31] Then, Plaintiff fit the computer completely inside his work area. *Id.*

The computer was out of the way of Plaintiff's co-workers, within the yellow lines

painted to comply with safety standards, and the computer was out of Plaintiff's way. *Id.*

On or about December 16, 2011, as employees were dispersing from a company

meeting, Mr. Hale declared that he "didn't care what Marvin says" the computer was

going to be moved.[32] Mr. Hale said it in a way that everyone in the shop could hear the

comment.[33]  Plaintiff told Mr. Hale that he had just gotten permission from him to keep

the computer in his work station just about a week or two prior.[34] Plaintiff went to Dave

Mills and explained that he did not own a laptop, that having the computer removed from

his workstation would cause him to walk further causing pain, and requested that he

borrow a laptop from Defendant.[35] Plaintiff's request was never accommodated. *Id.*

Rather, the computer station was taken down requiring Plaintiff to walk further to

complete his job.

---

[29] Plaintiff's deposition, 54:7-8
[30] Plaintiff's deposition, pg. 53:22-54:14; 56:2-20
[31] Plaintiff's deposition, 63:4-64:2; 176:24-177:21
[32] Plaintiff's deposition, 57:4-8
[33] Plaintiff's deposition, pg. 49:18-50:22
[34] Plaintiff's deposition, pg. 57:7-18; Plaintiff's declaration ¶14
[35] Plaintiff's deposition 50:2-22

10-  PLAINTIFF'S MEMORANDUM IN
     OPPOSITION TO DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T: 541- 646-4111 · F: 541-646-4112
mike@franelllaw.com

In prior layoffs, Defendant laid off employees by seniority. [36] The person who was there the shortest was let go.

Defendant did in fact offer Plaintiff a job after he was laid off.  However, contrary to Defendant's contention, Plaintiff did not decline the job.[37]  He attempted to accept the position, but was told by Mr. Hale it was not available.  *Id.*

## MOTION TO STRIKE

As a preliminary matter, Plaintiff moves to strike Defendant's statements that  Mr. Canty agreed with Brian Hale "that Mr. Dennis was the least productive Service Technician in the shop, and the one most appropriate to be laid off" in both Defendant's Motion for Summary Judgment and the Declaration of Brian.  The statement constitutes inadmissible hearsay and lacks foundation.  Defendant has not provided any supporting affidavits or declarations from Mr. Canty.

Federal Rule of Civil Procedure 56e states "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein".  The court must consider whether the statements would be admissible at trial.  Because the statements constitute hearsay, lack foundation, and are inadmissible at trial, Plaintiff moves that the court strike the statements.

---

[36] Plaintiff deposition 189:3-7
[37] Plaintiff's deposition, pg. 18:23- 20:25

11-  PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T:  541- 646-4111  ·  F:  541-646-4112
mike@franelllaw.com

# ARGUMENT

**A. Plaintiff's disability claims as to failure to accommodate and discrimination and were timely filed.**

Plaintiff refutes Defendant's contentions that Plaintiff's claims are time barred as Plaintiff suffered a continuing violation.  The courts have established that the "continuing violations doctrine" applies to ADA claims. *Betschart v. Gordon Trucking, Inc*., No. 1:08-CV-002004-OWW-GSA, 2008 WL 4078747 (E.D.CA. Aug. 29, 2008).

Plaintiff alleges he suffered a continuing and ongoing hostile work environment which included a failure to provide reasonable accommodations and ultimately ended with a discrete act of Defendant laying Plaintiff off and not bringing Plaintiff back to work, an act which undisputedly occurred within the applicable statute of limitations. [38]

Defendant's argument that Plaintiff's claim is time barred relies on an extremely narrow reading of Plaintiff's complaint.  However, the courts have determined that a complaint should not be read so narrowly. *Gutowsky v. County of Placer*, 108 F. 3d 256 (1997). As in *Gutowsky,* Plaintiff alleged that he received continual harassment and intimidation up until the time he was laid off while also presenting some specific examples.[19]   Further, Plaintiff contends that the practice of discrimination and lack of providing reasonable accommodations continued every day, including days that fall within the statute of limitations.

The standard for cases wherein there is ongoing harassment and ongoing failure to

---

[38] Plaintiff's complaint;

12-  PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T: 541- 646-4111 · F: 541-646-4112
mike@franelllaw.com

accommodate is that the "employer's unlawful actions are (1) sufficiently similar in kind – recognizing, as this case illustrates, that similar kinds of unlawful employer conduct, such as acts of harassment or failures to reasonably accommodate disability, may take a number of different forms; (2) have occurred with reasonable frequency; (3) and have not acquired a degree of permanence. *Hardin v. Walmart Stores, Inc.*, No. CIV-F-08-0617 AWI BAM, 2012 WL 691707 (E.D.CA, March 2, 2012).

Plaintiff asserts that he meets all three standards.  Since Brian Hale became supervisor, Plaintiff received several write ups, at least eight, for which he disputes he should not have been written up.  Similarly situated technicians were making similar or worse mistakes yet were not written up or disciplined. Plaintiff continued to receive write ups through December 2011. [39]

From the time Plaintiff was moved to a different bay in 2010, Defendant failed to provide a reasonable accommodation for Plaintiff each and every work day until Plaintiff was laid off.  Plaintiff regularly continued to suffer pain for which everyone in the shop, including Mr. Hale was aware.  Plaintiff told Mr. Hale he was continuing to suffer pain. That pain was affecting Plaintiff's productivity. Yet, Defendant provided Plaintiff no reasonable accommodations.  At the same time, they continually harassed Plaintiff including harassment over Plaintiff's low productivity. Defendant was aware that Plaintiff's productivity significantly declined once Plaintiff was moved. Knowing that walking extra distances caused Plaintiff significantly more pain and slowed Plaintiff's

---

[39] Plaintiff's deposition, 65:19-25

13- PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T: 541- 646-4111 · F: 541-646-4112
mike@franelllaw.com

productivity, Mr. Hale again used Plaintiff's disability to discriminate against him in

December 2011.  On December 8, 2011, it was announced that Dollar GMC and Airport

Chevrolet would merge and plans were then finalized as to how the departments would

merge. [40] As a result it was determined that the department would be reduced by one

position.  Tellingly, within just a mere eight days, Mr. Hale again targeted Plaintiff's

production by removing the computer in his workstation again causing him to walk

further.  The decision contradicted what he had just told Plaintiff a couple of weeks

earlier, that Plaintiff could have the computer in his workstation.

   While Defendant offers a proffered reason for removing the computer from

Plaintiff's workstation – Defendant's allege Plaintiff did not follow the conditions given

by Mr. Hale for the computer to remain in Plaintiff's workstation, Plaintiff directly

disputes that contention.  However, Defendant is not entitled to summary judgment

"where the trial judge would be required to choose among competing or conflicting

inferences or to pass on the credibility of witnesses with differing versions of material

facts".  *Olin v. Disneyland Intern.,* 832 F. Supp. 1342 (1993).  Further, "The evidence of

the opposing party is to be believed, and all reasonable inferences that may be drawn

from the facts placed before the court must be drawn in favor of the opposing party."

*Hardin v. Walmart Stores, Inc*., No. CIV-F-08-0617 AWI BAM, 2012 WL 691707

(E.D.CA, March 2, 2012).

---

[40] Brian Hale's Declaration, ¶10.

14- PLAINTIFF'S MEMORANDUM IN
  OPPOSITION TO DEFENDANT'S
  MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T: 541- 646-4111 · F: 541-646-4112
mike@franelllaw.com

Recklessly, Defendant left all responsibility on Plaintiff to fix Defendant's lack of providing Plaintiff a reasonable accommodation. Plaintiff asked for a simple accommodation relating to the computer by asking Defendant to let Plaintiff use a laptop. However, Defendant places all responsibility for a reasonable accommodation on Plaintiff saying he did not buy one from them, despite the undisputed fact that the *option* to buy a laptop from Defendant was not required just optional. [41]

Plaintiff asserts that Defendant's lack of providing accommodations and harassment were both similar in kind and occurred with a reasonable frequency. Leaving the question of whether their actions acquired permanence. In *Hardin*, the court defined permanence as "an employer's statements and actions make clear to a reasonable employee that any further efforts at informal conciliation to obtain reasonable accommodation or end harassment will be futile". Plaintiff asserts at the earliest his ongoing process of accommodation of disability and disability harassment became futile when Plaintiff met with Dave Mills on or about December 16, 2011, which as Defendant acknowledges occurred within Plaintiff's statute of limitations period. At that time, Plaintiff went to Dave Mills regarding his discrimination and request for reasonable accommodation because he had gone to Mr. Hale and he was not taking care of the issue. Believing that something might be done about it, Plaintiff went over Mr. Hale to the owner of the company, Dave Mills. [42]  It was not until after that conversation where

---

[41] Defendant's memorandum, pg. 10.
[42] Plaintiff's deposition, 83:15-20; 85:15-86:16

15-  PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T: 541- 646-4111 · F: 541-646-4112
mike@franelllaw.com

Plaintiff brought his issues of pain and request for accommodation to Mr. Mills and still nothing was done to accommodate Plaintiff, that Plaintiff believed there was no one higher to complain to. Therefore, there would be no avenue for obtaining the reasonable accommodation. *Id.* That same day Mr. Mills yelled at Plaintiff telling him that Mr. Hale had wanted to get rid of Plaintiff years ago; that Dave Mills was the only reason Plaintiff was still there; and not to make Dave Mills finish the job [of getting rid of Plaintiff]. [43]

Assuming arguendo that the court does not find Plaintiff was suffering from a continuing violation, Plaintiff asserts that he is still entitled to a claim for the actions that occurred to him from April 27, 2011 through his lay off in January 2012 - including Defendant's failure to accommodate plaintiff by providing him a bay with a lift, failure to ensure Plaintiff was not having to walk distances, write-ups for which similarly situated employees were not similarly written up, ongoing harassment, providing Plaintiff with a computer, and choosing to lay Plaintiff off because he was the lowest performing employee - as well as Defendant's refusal to employ Plaintiff again when a position was open later. In such a case Plaintiff claims that the issue of being moved bays in September 2010 as well as Plaintiff's production numbers during that time period are still relevant and provide relevant background evidence. Betschart v. Gordon Trucking, Inc., No. 1:08-CV-002004-OWW-GSA, 2008 WL 4078747 (E.D.CA. Aug. 29, 2008).

Plaintiff contends his claim as to ADA failure to accommodate and discrimination is not barred by the statute of limitations.

---

[43] Plaintiff's deposition, 73:25-74:3; 136:24-12

16-  PLAINTIFF'S MEMORANDUM IN
      OPPOSITION TO DEFENDANT'S
      MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR 97501-7808
T: 541- 646-4111 · F: 541-646-4112
mike@franelllaw.com

**B.  Plaintiff was suffering from and was perceived as suffering from a qualifying physical disability.**

Defendant spent much time and energy deflecting Plaintiff's need for reasonable accommodation, such as stating he did not access disabled parking, and instead ignores the disability accommodations and limitations Plaintiff did need and does suffer. In doing so, Defendant significantly mischaracterizes the facts.

In the efficiency sparing a recitation of all of the instances and circumstances in which Defendant was informed of Plaintiff's need for accommodations and his disability, requests for accommodation, and harassment, Plaintiff refers to his facts as laid out previously.  Plaintiff asserts he most certainly told Mr. Hale that plaintiff suffered from disabilities and did request certain accommodations. Plaintiff also went to Mr. Mills and told him.  Further, as evidenced by Plaintiff's co-worker's statements, everyone in the shop, including Mr. Hale, were well aware of Plaintiff being in pain from his disabilities as his facial expressions and body language demonstrated Plaintiff's pain.[44] Again, despite Defendant's contention that Mr. Hail was never made aware of any disabilities that may have affected Plaintiff, the standard remains that on summary judgment Plaintiff's evidence is to be believed and all reasonable inferences that may be drawn are to be drawn in Plaintiff's favor.  Further, the disputes in evidence create general issues of material fact to be determined by a jury.

---

[44] Declaration of Steve Gillig, Declaration of Steve Tucker

17-  PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Plaintiff does not dispute that he made the comment that he is a man, not a pussy; that Plaintiff did not request a disabled parking sticker from DMV; and that Plaintiff continued to push through his pain to perform his work for Defendant.  In fact, that characterizes Plaintiff's values as Plaintiff is not one to be defeated by his disabilities and sit at home and become a "cripple".  Rather, Plaintiff is a "worker bee" and leaves accommodations such as disabled parking for those who are even worse than Plaintiff. [45] However, none of that negates that Plaintiff does suffer disabilities which require accommodations.

Plaintiff does assert he continued to perform all aspects of his job in the job even with his disability.  However, without accommodations, Plaintiff's performance suffered as supported by Plaintiff's contentions and Defendant's flag hours as previously laid out. Plaintiff's performance ultimately led to Plaintiff's inability to do his job as that was the reason Defendant gave Plaintiff for being chosen to be laid off in January 2012.  Had Plaintiff been accommodated as he was before he was moved to a different bay and before his computer was taken away, Plaintiff would not have been the lowest producing technician in the shop when Defendant analyzed the flag hours in in late 2011.  Prior to being moved to a different bay in 2010, Plaintiff never had a need to ask for accommodations as Plaintiff already had everything he needed to accommodate his disabilities available to him. While Plaintiff would ultimately get his work completed, Plaintiff's performance did suffer in his new bay, Plaintiff was not able to lift cars with

---

[45] Plaintiff's deposition 220:17-21; 131:24-132:2

18-  PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T:  541- 646-4111  ·  F: 541-646-4112
mike@franelllaw.com

the lift in the bay. He would have to wait until an alignment rack was available which was often tied up. [46]

Plaintiff is absolutely substantially limited because of his disability.  While Plaintiff may not ask for a disability sticker for his car, Plaintiff instead just avoids going to the store on almost all occasions.  Plaintiff no longer walks across his property, hires help to perform easy tasks such as weeding, brushing, and splitting wood.  Plaintiff avoids carrying wood into the house and instead his significant other carries the wood into the house 4-5 times per week.  Plaintiff cannot play with his grandson as he use to and Plaintiff no longer participates in dirt biking. At work, while Plaintiff could continue to perform his job, he was substantially limited in the duration in which he could stand and walk. He was unable to bend or kneel and unable to lift and required assistance even to lift some tires.

In order to establish substantial limitation "an impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting". 29 CFR 1630.2 (j).  The court has formerly found that an individual suffered a substantial limitation with testimony as simple as an individual having problems walking and standing and that being painful. *Malone v. Paul Evert's RV Country, Inc*., 455 Fed. Appx. 738 (2011).  Plaintiff's limitations certainly exceed that level of limitation.

While Plaintiff hasn't asked for accommodations at his new job, it is not because

---

[46] Plaintiff's deposition 158:4-18

19-  PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T:  541- 646-4111  ·  F:  541-646-4112
mike@franelllaw.com

he does not need accommodations. It is because he already has a position which accommodates his needs. [47] Plaintiff is able to sit down a lot.

Despite that Defendant does not acknowledge that Defendant's comments were derogatory, Mr. Hale did in fact make derogatory comments about Plaintiff's disabilities. Mr. Hale told Plaintiff all of the shop was afraid of Plaintiff taking his prescription medications; berated Plaintiff for working slow when Mr. Hale in fact knew that he was causing Plaintiff to work slower; and asking Plaintiff why he continues to work if he hurts so badly.

**C. Plaintiff suffered disparate treatment because of his age.**

Plaintiff was the oldest service technician at Airport Chevrolet and the oldest employee whom Mr. Hale supervised. One individual was employed at Dollar GMC and was part of the merger. Plaintiff believes the individual was within ten years of Plaintiff's age, possibly slightly older than Plaintiff. Plaintiff is unfamiliar whether he suffered any disparate treatment as he was there for such a short period before Plaintiff was let go. Steve Gillig was the only other employee whom Plaintiff is aware was within ten years of Plaintiff's age. Mr. Gillig was let go from Airport Chevrolet due to low productivity. Mr. Gillig asserts that his low productivity was a result of not being assigned work for which he was capable of performing. Further, Mr. Gillig and Plaintiff assert that Mr. Hale was directly responsible for overseeing how work was assigned and

---

[47] Plaintiff's deposition 220:24-2

20-  PLAINTIFF'S MEMORANDUM IN
     OPPOSITION TO DEFENDANT'S
     MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T: 541- 646-4111 · F: 541-646-4112
mike@franelllaw.com

was responsible for knowing that Mr. Gillig's lack of productivity was a result of not being assigned work.  The work Mr. Gillig was capable and available to perform was assigned to younger workers.

Similarly, Plaintiff was ready and capable of performing more work.  However, he was continually not assigned work he was capable of performing.  The work was assigned to co-workers that were significantly younger than Plaintiff.[48] Because Plaintiff was not assigned work, his productivity suffered which led to Plaintiff being let go. Further, Mr. Hale's asked Plaintiff when he was just going to give it up.

While Defendant has provided proffered reasons for letting Plaintiff go, his low productivity, they are directly disputed as outlined herein.  Plaintiff contends there are genuine issues of material fact that remain.


**CONCLUSION**

There are several facts to which Plaintiff and Defendant disagree or have different perceptions of the testimony, but as such, those are material facts - issues for the jury to decide at trial.  For the foregoing reasons, Plaintiff respectfully requests this court deny Defendant's Motion for Summary Judgment.

---

[48] Plaintiff's deposition 216:4-7; 75:6-15

21- PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Michael W. Franell, Attorney at Law
724 S. Central Ave Ste 113
Medford, OR  97501-7808
T:  541- 646-4111  ·  F:  541-646-4112
mike@franelllaw.com

DATED: December 2, 2013


/s/ Michael W. Franell
_____

Michael W. Franell, OSB No. 902680
Telephone:  541-646-4111

Attorney for Plaintiff